CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2025 OCT -6 A 9:10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**Case No. ________________________**

**MOSHE GLICK,**

Plaintiff,

v.

THEODORE N. STEPHENS II, in his official and personal capacity,

LOGAN TEISCH, in his official and personal capacity,

ROGER IMHOF, in his official and personal capacity, and

ALEXANDER B. ALBU, in his official and personal capacity,

Defendants.

PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION AGAINST ESSEX COUNTY PROSECUTOR'S OFFICE — ALLEGED SELECTIVE AND MALICIOUS PROSECUTION OF DR. MOSHE GLICK

Moshe Glick hereby brings this lawsuit and states as follows:

INTRODUCTION

I respectfully submit this pro se request for a Temporary Restraining Order (TRO) to enjoin the Essex County Prosecutor's Office from convening a second Grand Jury in my case, at least until after the Jewish holiday of Sukkot, which begins at sundown on October 6, 2025, or until this Court can hold a hearing to determine whether the prosecution is motivated by religious animus. This highly political case stems from a conflict between two religious groups—Jews and Muslims—in which overwhelming evidence, including video footage, clearly demonstrates that the Muslim protesters were the aggressors who marched unpermitted onto synagogue property, screamed antisemitic tropes such as "Nazi" "Moshe Glick you can't hide!" and "You're next! You're next!", blew deafening vuvuzelas directly into worshipers' ears, and physically assaulted a Jewish worshiper, while I, as a Jewish worshiper and trained EMT, intervened only to protect a 64-year-old fellow Jew from a life-threatening chokehold. The event was originally scheduled at my home but had to be relocated to the synagogue due to prior threats, including a violent protest at a similar event in Bergenfield and an incident where a known anti-Israel agitator came to my home, left a threatening letter and took pictures of my home (as captured by Ring camera footage). Concerned about potential violence from the pro-Hamas protesters, I reached out to the West Orange Police Department in advance for security and specifically inquired whether

the protesters had a permit to march, which they did not, yet limited preventive action was taken, and the violence I feared ultimately occurred at our event. Despite this clear video evidence showing the Muslim group in the wrong—including their defiance of police orders, trespassing, and violent assaults—the Essex County Prosecutor's Office and West Orange Police Department have chosen to side with the Muslim protesters by aggressively prosecuting me, while ignoring crimes committed by the protesters, such as assault, FACE ACT violations, trespassing, filing false police reports, and lying to investigators. Additional video evidence shows that the Muslim party lied to law enforcement, and there is substantial proof that the detective who interviewed the Muslim party attempted to elicit false or at least misleading testimony from them. Furthermore, the prosecution improperly dismissed what appeared to me as the only Jewish member of the Grand Jury off the record and without consulting the assignment judge. Despite these deficiencies and others being pointed out, the Prosecutor's Office has conceded that the initial Grand Jury proceeding was flawed yet has failed to vacate the resulting indictment. This unjust indictment, rooted in religious discrimination, continues to prejudice my fundamental rights as a law-abiding individual. Allowing a second Grand Jury presentation—rushed during Sukkot, when observant Jews like myself are prohibited from working, riding in vehicles, or engaging in legal proceedings, and when I face the terror of being publicly handcuffed and arrested in front of my family and synagogue community, causing profound humiliation and spiritual harm—without resolving these constitutional violations would exacerbate the harm and constitute ongoing selective and malicious prosecution, in direct violation of my Fourteenth Amendment rights to equal protection and due process under the law.

FACTS

On November 13, 2024, a group of pro-Palestinian Muslim protesters, organized by entities including the Party for Socialism and Liberation-New Jersey (PSL) and American Muslims for Palestine-New Jersey (AMP), targeted a religious event at Congregation Ohr Torah synagogue in West Orange, New Jersey, which included a celebration of Jewish religion and culture. The event was originally scheduled at my home but was relocated to the synagogue due to prior threats from the protesters, including a violent protest that occurred at a similar event in Bergenfield and an incident where a known anti-Israel agitator came to my home and took pictures. In light of these threats and my concerns about potential violence from the pro-Hamas protesters, I reached out to the West Orange Police Department in advance to request security and specifically asked whether the protesters had a permit to march, which they did not. Despite my warnings and the lack of a permit, no action was taken to prevent the march or provide adequate security, and the violence I anticipated ultimately unfolded at our event. Video evidence shows the protesters marching without a permit—a violation brought to the attention of Deputy Chief Matthew Feola of the West Orange Police Department, yet no action was taken. Despite this clear evidence, the police chose to side with the Muslim protesters by allowing them to proceed unchecked, failing to enforce the law against their unpermitted march and subsequent violations. The protesters broke through police lines, trespassed onto synagogue property in defiance of orders, shouted antisemitic tropes, blew deafening vuvuzelas directly into worshipers' ears (capable of causing hearing damage), and physically assaulted an attendee, including me and David Silberberg. Specifically, protester Altaf Sharif charged at me after

blowing a vuvuzela in my ear; Sharif grabbed Silberberg by the throat, placed him in a chokehold, tackled him down a hill, and drilled his head into the ground. As a healthcare professional and EMT, I intervened with minimal force—a single light strike with a small flashlight—to free Silberberg, who was silent and buckling, fearing he was losing consciousness or facing death. Video evidence contradicts Sharif's claims to police, showing he was unphased, rejoined the protest, blew his horn again, and initially refused medical attention before later receiving four staples for a minor head wound that did not cause any temporary loss of bodily function or senses. Despite this incontrovertible video evidence demonstrating that the Muslim protesters were the aggressors and perpetrators, the West Orange Police Department made the deliberate choice not to arrest any of them on the scene, instead opting to side with the Muslim side by targeting Jewish victims like me for prosecution.

The U.S. Department of Justice has recognized the protesters' wrongdoing by filing a civil complaint on September 29, 2025, under the Freedom of Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248(a)(2), against Altaf Sharif and other protesters including Tova Fry (a/k/a Terry Kay), Matt Dragon, Eric Camins, Jane Doe, John Doe, PSL, and AMP. The complaint alleges: "Defendants' actions—including physical assaults on worshipers Moshe Glick and David Silberberg, antisemitic and threatening chants, and defiance of police orders—were intended to intimidate Jewish worshipers and prevent their participation in lawful religious services." Specifically regarding Sharif: "Sharif physically assaulted Silberberg by grabbing him by the throat, placing him in a chokehold, and tackling him down a hill on synagogue property." The DOJ further states that the FACE Act "prohibits the use of force, threats of force, or physical obstruction to intentionally injure, intimidate, or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship." This federal action underscores that Sharif and the Muslim protesters were the aggressors, not victims, and highlights the Essex County Prosecutor's Office's biased decision to prosecute Jewish victims instead, despite video evidence to the contrary. The DOJ has indicated potential criminal charges against Sharif and an investigation into local handling of the case, yet the local authorities persist in siding with the Muslim protesters by rushing a second Grand Jury against me.

The first Grand Jury proceeding against me was deeply flawed, as detailed in my attorney Mitchell A. Liebowitz's motion to dismiss the indictment (summary follows): The indictment against Dr. Moshe Glick is flawed due to significant prosecutorial misconduct and legal errors during the grand jury proceedings. The Assistant Prosecutor violated the bright-line rule established in State v. Murphy (110 N.J. 20, 1988) by failing to refer a grand juror's admitted familiarity with the case and defendant to the Assignment Judge, instead unilaterally excusing the juror, thus undermining the impartiality of the process and mandating dismissal under R. 3:6-3(a). Additionally, the prosecutor's misleading instructions on bias intimidation, presented without clarifying its applicability solely to co-defendant Silberberg, likely confused jurors into improperly considering it against Dr. Glick, especially given repeated references to the victim's Palestinian Kufiya. The prosecution also failed to present evidence supporting the "significant bodily injury" element required for aggravated assault under N.J.S.A. 2C:12-1b(7), as the victim's hospital visit and staples do not meet the statutory threshold of temporary loss of bodily function or senses, further compounded by a 3.5-month gap between legal instructions and

presentment. Finally, the prosecutor's incorrect focus on Dr. Glick's awareness of Silberberg's pepper-spraying as disqualifying his defense-of-others claim ignored State v. Holmes (208 N.J.Super. 480, 1986), which permits such force if reasonably believed necessary, regardless of the third party's provocation. These cumulative errors prejudiced the grand jury's decision, warranting dismissal of the indictment. Even in the face of these flaws and the DOJ's acknowledgment of the Muslim protesters' guilt, the Prosecutor's Office has chosen to side with the Muslim side by refusing to vacate the indictment and pushing for a second proceeding.

RELIGIOUS BIAS

There is clear evidence of selective enforcement driven by antisemitic bias. The Prosecutor's Office and police have sided with the Muslim protesters despite video evidence of their antisemitic chants, trespassing, and assaults, while aggressively pursuing charges against Jewish victims like me and Silberberg. For instance, Sharif was not prosecuted for trespassing, assaulting Silberberg, or lying to police (e.g., claiming unprovoked attack despite video showing otherwise). The marchers had no permit, yet no arrests were made—even after I specifically reached out to the police in advance to inquire about the permit and request security due to prior threats, including the violent Bergenfield protest and the anti-Israel agitator photographing my home, and expressed my deep concerns about potential violence from the pro-Hamas protesters, which tragically materialized. Why didn't the West Orange police arrest any violent protesters on November 13, 2024? Why didn't Detective Louis reinterview Sharif, Dragon, and others when videos contradicted their testimony? It can only be due to antisemitic bias against Jewish victims. This bias is compounded by the Prosecutors office to rush to convene a second Grand Jury during Sukkot, starting at sundown on October 6, 2025, when I, as an observant Jew, am religiously forbidden from performing work, engaging in legal proceedings, riding in vehicles (including police cars), or communicating with my lawyers. My attorneys requested a delay from the Prosecutor's Office, but received no response. I am terrified of being arrested during this holy holiday—potentially handcuffed and humiliated in front of my family and synagogue community—causing irreparable emotional and spiritual harm. This timing imposes a discriminatory burden on my religious practice and ability to defend myself, violating equal protection. The authorities' repeated choice to favor the Muslim side, even in the face of federal recognition of their wrongdoing, exemplifies this bias.

Given the above, I respectfully request that this Court issue a Temporary Restraining Order to prevent any further Grand Jury action by the Essex County Prosecutor's Office until my due process and equal protection claims can be fully heard.

CAUSES OF ACTION

1. Violation of Fourteenth Amendment Equal Protection Clause (42 U.S.C. § 1983): Defendants, acting under color of state law, have engaged in selective prosecution and enforcement based on my religion as a Jewish individual. By aggressively prosecuting me—a Jewish victim who acted in self-defense and defense of others—while ignoring or failing to prosecute the Muslim protesters for their documented crimes (including assault, trespassing, FACE Act violations, filing false police reports, and lying to investigators),

despite overwhelming video evidence showing the protesters as the aggressors, Defendants have treated me differently from similarly situated individuals without a rational basis. This selective treatment is motivated by religious animus and antisemitic bias, as evidenced by the failure to arrest protesters on the scene, the refusal to reinterview witnesses whose statements were contradicted by video, the lack of response to my pre-event requests for security and permit enforcement amid known threats from prior incidents like the Bergenfield protest and the anti-Israel agitator at my home, and the rush to convene a second Grand Jury during the Jewish holiday of Sukkot, imposing a discriminatory burden on my religious practices. Such actions deprive me of equal protection under the law.

2. Violation of Fourteenth Amendment Due Process Clause (42 U.S.C. § 1983): Defendants have engaged in malicious prosecution by pursuing flawed and biased Grand Jury proceedings against me without probable cause, in violation of my substantive and procedural due process rights. The first Grand Jury was marred by prosecutorial misconduct, including the improper off-record dismissal of a juror without consulting the Assignment Judge (in violation of State v. Murphy and R. 3:6-3(a)), misleading instructions on bias intimidation and aggravated assault elements, failure to present exculpatory evidence (such as video contradicting witness statements), and disregard for legal precedents like State v. Holmes regarding defense-of-others claims. Despite acknowledging these flaws, Defendants have refused to vacate the indictment and are rushing a second proceeding during Sukkot, when I am religiously prohibited from participating in legal matters, further depriving me of a fair process. This conduct shocks the conscience and constitutes an arbitrary abuse of power, leading to my wrongful indictment and ongoing harm.
3. Violation of First Amendment Free Exercise Clause (42 U.S.C. § 1983): Defendants' actions burden my free exercise of religion by timing the second Grand Jury during Sukkot, a major Jewish holiday when observant Jews like myself are forbidden from work, travel, or legal engagement. This scheduling, combined with the overall bias in favoring the Muslim protesters—such as ignoring my pre-event pleas for security amid credible threats from the Bergenfield violence and the agitator at my home—intentionally interferes with my religious practices and discriminates against my faith, without a compelling governmental interest or narrow tailoring, in violation of my First Amendment rights.
4. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3)): Defendants conspired to deprive me of equal protection and due process based on my religious class as a Jew, as shown by their coordinated efforts to side with the Muslim protesters, ignore exculpatory evidence, conduct flawed Grand Jury proceedings, fail to act on my advance requests for permit enforcement and security despite known risks from prior threats, and refuse to delay proceedings during a religious holiday, all while the U.S. Department of Justice has recognized the protesters' wrongdoing through a FACE Act complaint.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Issue a Temporary Restraining Order (TRO) immediately enjoining Defendants Theodore N. Stephens II, Logan Teisch, Roger Imhof, Alexander B. Albu, and any of their agents, employees, or successors from convening or presenting my case to a second Grand Jury, at least until after the conclusion of the Jewish holiday of Sukkot on October 13, 2025, or until a full hearing on the merits can be held.
2. Issue a preliminary and permanent injunction enjoining Defendants and any of their agents, employees, or successors from bringing or presenting my case to a second Grand Jury or pursuing any further prosecution against me related to the November 13, 2024 incident, unless and until the constitutional violations outlined herein are fully resolved.
3. Declare that Defendants' actions constitute violations of my rights under the Fourteenth Amendment's Equal Protection and Due Process Clauses, the First Amendment's Free Exercise Clause, and 42 U.S.C. §§ 1983 and 1985(3).
4. Award compensatory and punitive damages against Defendants in their personal capacities for the emotional, reputational, and spiritual harm caused by their selective and malicious prosecution.
5. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988, even though I am proceeding pro se, should I retain counsel or as otherwise permitted.
6. Grant such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 6th day of October, 2025.

Respectfully submitted,

Dr. Moshe Glick

47 Nicholas Avenue

West Orange NJ 07052

973-865-2446

mglickus@gmail.com

October 6th 2025

Pro Se Plaintiff