**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOSHE GLICK,<br><br>        Plaintiff,<br><br>v.<br><br>THEODORE N. STEPHENS, II, et al.<br><br>        Defendants. | Civil Action No. 25-16268 (SDW) (AME)<br><br><br>**WHEREAS OPINION**<br><br><br>October 8, 2025 |

    **THIS MATTER** having come before this Court upon pro se Plaintiff Moshe Glick's ("Plaintiff") Ex Parte Motion for a Temporary Restraining Order (D.E. 2 (the "Motion")) pursuant to Federal Rule of Civil Procedure ("Rule") 65 and Local Civil Rule ("Local Rule") 65.1; and

    **WHEREAS** Plaintiff initiated the instant matter on October 6, 2025 by filing a Complaint (D.E. 1) and the Motion (D.E. 2); and

    **WHEREAS** granting a temporary restraining order pursuant to Rule 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To determine whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured ... if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del.*

*River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)); and

**WHEREAS** pursuant to Rule 65, a movant requesting an ex parte temporary restraining order without "written or oral" notice to the movant's opponent must present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B); *see* L. Civ. R. 65.1(a) (emphasizing that the movant must provide "a clear and specific showing" of exigency by affidavit or other sworn statement); and

**WHEREAS** Plaintiff maintains that he would suffer irreparable harm if his request for a temporary restraining order is denied. (D.E. 2.) However, even when construed liberally[1], the irreparable harm stated by Plaintiff is merely speculative and based on an indefinite future injury. *See Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) ("The irreparable harm alleged must be actual and imminent, not merely speculative."); *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) ("[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future."); *see also Stevens v. Jones*, No. CV16-8694, 2018 WL 6242467, at *3 (D.N.J. Nov. 29, 2018) (denying plaintiff's motion for a temporary restraining order because his claims were both speculative and based on harm in the indefinite future). Here, Plaintiff asserts speculative claims regarding prospective harms that have yet to occur, as Plaintiff states he fears the possibility of a Grand Jury indictment and subsequently being arrested during Sukkot, a Jewish

---

[1] As a pro se litigant, Plaintiff is entitled to liberal construction of his Motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

holiday (D.E. 2.)  Beyond conclusory allegations, the absence of specific facts supporting Plaintiff's claim of imminent harm is fatal to his Motion.  Accordingly, Plaintiff has failed to provide a compelling reason for this Court to grant an ex parte temporary restraining order; and

**WHEREAS** for the same reasons stated above, Plaintiff also failed to provide a cogent reason for not notifying his adversaries of the proceeding; therefore

Plaintiff's Ex Parte Motion for a Temporary Restraining Order, pursuant to Rule 65 and Local Rule 65.1 is **DENIED WITHOUT PREJUDICE**.  An appropriate order follows.

   /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

| | |
|---|---|
| Orig: | Clerk |
| cc: | André M. Espinosa, U.S.M.J. |
| | Parties |